UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL TETERS,

               Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

               Defendants.

CASE NO. 3:18-CV-05481-RBL-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR1, MJR3, and MJR4. This matter is before the Court on plaintiff's motion to appoint counsel. *See* Dkt. 41. Because plaintiff has not yet shown the exceptional circumstances justifying the appointment of counsel, the Court denies his motion.

**BACKGROUND**

Plaintiff, who proceeds *pro se* and *in forma pauperis* (Dkt. 8), brought this matter under 42 U.S.C. § 1983 against the State of Washington and individuals who worked for the Washington Corrections Center Shelton Reception Medical Providers team. *See* Dkt. 9, at 2–5.

He alleges that because defendants failed to house him out of the general population, he suffered from panic attacks and other symptoms of post-traumatic stress disorder ("PTSD") and that defendants' actions violated Title II of the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA") and constituted cruel and unusual punishment and medical malpractice. *See* Dkt. 9.

Regarding plaintiff's claims against all defendants other than defendant Sundstrom, the District Court dismissed without prejudice the claims for declaratory and injunctive relief, claims under the ADA and RA, claims under the Eighth Amendment for cruel and unusual punishment, and claims under state medical malpractice law. *See* Dkt. 40, at 2. The surviving claims following the order on the motion to dismiss are plaintiff's claim against defendant Tiffany DeMark in her individual capacity for cruel and unusual punishment in violation of the Eighth Amendment (*see* Dkt. 37, at 13) and his claims against defendants Tilahun Abraha, Nathaniel Burt, Norisa dela Cruz, and DeMark in their individual capacities for medical malpractice. *See* Dkt. 37, at 19–20. The undersigned has also recommended that summary judgment on all of plaintiff's claims against defendant Sundstrom be granted and that these claims be dismissed with prejudice. *See* Dkt. 48.

Plaintiff has requested that this Court appoint counsel to represent him, and defendants oppose his request. *See* Dkts. 41, 42, 45, 47.

**DISCUSSION**

Plaintiff requests counsel on the basis that he lacks legal training and that he suffers from severe PTSD "that manifests in public settings[.]" Dkt. 41, at 2.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353

(9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Regarding the likelihood of success on the merits, the undersigned has recommended that plaintiff's claims against defendant Sundstrom be dismissed with prejudice. The District Court has also dismissed without prejudice the majority of plaintiff's claims against the other defendants. Although at this time, the District Court's order leaves pending a few of plaintiff's claims—the claims against defendant DeMark for cruel and unusual punishment and against defendants Abraha, Burt, Cruz, and DeMark for medical malpractice—these claims are still potentially subject to disposition on summary judgment. *See* Dkt. 28 (setting the dispositive motions deadline for September 2019). Thus, the Court does not find, at this point, that plaintiff has established a likelihood of success on the merits. *Cf. McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985) (appointing counsel where plaintiff's claim had survived summary judgment).

Regarding plaintiff's ability to litigate his claims, the Court notes that his claims of medical malpractice and cruel and unusual punishment are not yet so complex as to be beyond plaintiff's ability to litigate. Moreover, plaintiff has consistently been able to articulate the

1 | factual basis for his claims and to litigate his case, including obtaining this Court's leave to
2 | proceed *in forma pauperis* and various extensions to deadlines. *See* Dkts. 24, 29, 38. Although
3 | plaintiff argues that his lack of legal training merits the appointment of counsel, this
4 | circumstance is common to most plaintiffs requesting the appointment of counsel and is not an
5 | "exceptional circumstance." *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Nor is the Court persuaded at this point that counsel should be appointed on the basis of plaintiff's allegation that his PTSD renders him unable to function in any environment involving a social aspect—such as participating in a trial. *See* Dkt. 47, at 2. Plaintiff does not allege that he is unable to conduct discovery or otherwise participate at this early stage; indeed, he acknowledges that he has been able to function in the "qu[iet] safety of [his] own room," including writing his various motions. *See* Dkt. 47, at 2. The Court notes that the denial of plaintiff's motion for the appointment of counsel is without prejudice, meaning that a later stage and upon a proper showing of exceptional circumstances, plaintiff may renew his request.

Plaintiff's motion for the appointment of counsel (Dkt. 41) is **DENIED WITHOUT PREJUDICE**.

Dated this 18th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge